THOMAS FORD *v.* CHARLES H. CLEWELL.

*Landlord and Tenant—Chattel Mortgage—Lien.*

The landlord's right to have the proceeds of the sale of the personal property of his tenant applied to the rent is superior to the lien of a chattel mortgage which was given before the beginning of the tenancy and before the goods were moved onto the demised premises.

COMEGYS, C. J., dissenting.

*(New Castle, February, 1890.)*

PETITION to take money out of Court.

The defendant was tenant of the New Castle County Mutual Insurance Company. Before moving on the farm he gave a chattel mortgage to the plaintiff. Afterwards *scire facias* was issued on this mortgage, judgment recovered thereon, execution issued and sale made of the goods which were still on the premises and covered by the mortgage.

The New Castle County Mutual Insurance Company had the money paid into court and petitioned as landlord to take out so much of it as would satisfy the years rent, claiming that the rent should be preferred to the mortgage.

*Alexander B. Cooper,* for the petitioner :

The only question involved is whether the statutory lien of the landlord for the rent (in preference to " any execution process ") will be subordinated to the lien of a chattel mortgage given prior to the accuring of the rent, the goods remaining in possession of the mortgagor and upon the demised premises at the time of seizure by virtue of the execution.

Revised Statutes of 1874, 715–716.

The lien of the landlord is superior to that of the mortgage— the former being created by force and operation of law, and the latter by contract. The mortgage was an express and voluntary lien created by deed, to secure the performance of a contract. The

landlord's lien is a lien created by law to secure the performance of another contract, and of the two the landlord's is the prior lien and cannot be displaced by the other.

A statutory lien is superior to a prior contract lien. A contract must be governed by the law in existence at the time the contract is made.

At the time of this mortgage the mortgagee was bound to know that if the goods were left with the mortgagor and were removed by him onto demised premises they would be liable to the landlords lien.

*Jone on Chattel Mortgages,* Secs. 474, 475, 477, 556 ; *Herman on Chattel Mortgages,* page 308 ; *Case v. Allen,* 21 Kansas, 217 ; *Williams v. Allsup,* 100 E. C. L. R., 427 . *Scott v. Delahunt,* 5 Lansing (N. Y.), 372 ; *Donnell v. Starlight,* 103 Mass., 227 ; *Webb v. Sharp,* 13 Wallace, 14 ; *Beal v. White,* 94 U. S., 382 ; *Buch v. Payne,* 52 Miss., 271 ; *Pitkin v. Fletcher,* 47 Iowa, 53.

In order to defeat the landlord's lien under the Revised Statutes, pp. 715–716 there must be an actual levy, seizure or taking of the goods, by virtue of an execution process, prior to the demise. The landlord will be preferred to any execution and levy after the tenancy began, although a lien existed prior thereto.

*Shuster v. Robinson,* 3 Harrington, 50.

A chattel mortgage is not an execution process, nor can it be likened thereto, for the purpose of giving it preference over the lien of the landlord. The possession and ownership remains with the mortgagor. The execution process is the *levari facias.*

*J. H. Rodney,* for the mortgagee.

THE COURT held the lien of the landlord for rent to be superior to the lien of the chattel mortgage.

COMEGYS, C. J., dissenting : The question presented by the record in this case is—is the lien of a chattel mortgage upon the

goods and chattels mentioned in it, superior to the claim of the lessor of the mortgagor, where they were taken by the mortgagor on premises demised to him by the lessor and of which he took possession after the delivery and record of the mortgage and which goods and chattels were, during the tenancy, sold, in enforcement of the lien, by the sheriff under an execution of *levari facias*.

In other words, was the mortgagee's lien suspended or displaced by the act of taking the goods and chattels mortgaged upon the demised premises, so as to allow the lessor to have a year's rent out of them, in preference to the mortgage.

This question has not before arisen in our Courts, and we are therefore without any precedent of our own to guide us to a solution of it. On behalf of the lessor, several cases have been cited to us where it has been passed upon directly or indirectly elsewhere, and they were decided in favor of the claim made by the lessor, as in this case. But the decisions were based upon the ground that the lessor's right is superior, because, as said by the Courts passing upon the question, it is a lien created by statute, while that of the mortgagee is by contract between the parties. I am entirely unable to see any difference between the respective rights ; for, that of the landlord is created by statute as well as that of the mortgagee under the chattel mortgage. By common law a landlord had no lien upon the goods and chattels of his tenant, nor has any been given him by statute in this State. But he has always had a right of seizure and sale by distress for rent due; and by the statute of 8 Ann, c. 14, s. 1, "no goods or chattels being in or upon any messuage, lands, or tenements leased for life or lives, term of years, at will or otherwise" were "liable to be taken by virtue of any execution on any pretence whatever" unless the party at whose suit the execution was sued out should before the removal of the goods from off the premises pay to the landlord or his bailiff such sum as was due for rent at the time of the taking—provided the arrears did not amount to more than one year's rent ; and in case the arrears exceeded a year's rent, then the party executing, paying the landlord or his

bailiff one year's rent, might proceed to execute his judgment, as he could have done before the passing of the act. When that was done the sheriff was to "thereupon proceed to levy and pay to the plaintiff as well the money so paid for rent as the execution money." The landlord had no remedy or right as against the execution creditor for rent, until the 8th Anne gave it to him as above shown. He had nothing like a lien on his tenant's goods; but, after the statute could not, as he could have been before its passage, defeated of his right of distress without the payment of his rent due, not exceeding a year's rent. While there is also in this State no lien upon a tenant's goods in favor of his landlord; yet the latter is better off than in England, for his accruing rent is placed by our statute in the same state as to preference over executions levied after the demise became in force, as if it were due at the time of the levy ; Sec. 60 of Chap. CXX, Revis. Code, p. 715.

There is no hint in the Statute of Anne, or the chapter of our Code cited, that a landlord has any lien at all on his tenant's goods for rent due, or accruing. This review places us in a better situation than we were in by the argument, to correctly view and decide the question before us.

We perceive that a landlord has no lien on the goods of his tenant by virtue of the tenancy. But if the terms of the statute with respect to chattel mortgages have been complied with (as it is admitted they were in this case) the mortgagee acquires a lien for three years on the property mortgaged, which he may enforce by *scire facias* and process of execution as mortgagees of land may of real estate. The law is that if personal property, upon which there is a lien, by act of the parties be sold by process in execution of a judgment, such lien has first right to the proceeds, or the sale may be made subject to it, if the lien holder prefers to allow his lien to remain, and the buyer is willing to take his title subject to it. The lien holder may refuse to give up possession of the goods until his lien is discharged by payment. Under the law with respect to chattel mortgages, the mortgagee risks nothing of his right

as lien-holder by allowing his mortgagor to retain possession of the goods pledged. We have then, a case where after the creation of the lien, the goods and chattels mortgaged are taken by the mortgagee to premises rented by him, and while there are sold by the lien creditor to enforce his lien. If there be anything to distinguish it in principle from that of an execution creditor whose process was levied before the defendant's goods went upon demised premises, I confess, I am unable to see it. The lien of a mortgage of goods, is, in my judgment, equally meritorious with that of a creditor by execution—the mortgage being a lien of equal validity with a previously levied *fi. fa.* Legally speaking, the mortgagee is the owner subject to the mortgagor's equity, and his right is at least as much entitled to favor as that given to the latter's execution. And certainly a landlord's right to distrain with its incidents, clothes him with no authority which prevents the lien of a chattel mortgage from continuing after the mortgaged goods have gone upon demised premises until the expiry of the statutory time of its duration. In this respect, a previously levied execution is in no better case than a previously executed and recorded chattel mortgage. I am, therefore, of opinion that the mortgage in this case must be paid before the landlord's rent.